E-FILED
Monday, 01 August, 2011 02:30:32 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM E. HANKINSON, D.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-3205 |
| ) | |
| NORTHWESTERN MUTUAL LIFE ) | |
| INSURANCE COMPANY, R. ADAM ) | |
| SPRINGER, and JAMES SMITH, ) | |
| ) | |
| Defendants. ) | |

<u>OPINION</u>

This cause is before the Court on Plaintiff William E. Hankinson's Objection to Notice of Removal (Objection) (d/e 5). For the reasons stated below, the Objection is DENIED.

FACTS

On June 9, 2011, Plaintiff filed a Complaint against Defendants Northwestern Mutual Life Insurance Company (Northwestern Mutual), R. Adam Springer, and James Smith in the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois. The action includes claims

asserted under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA) for payment of disability insurance benefits and several state law claims.

On July 11, 2011, Northwestern Mutual filed a Notice of Removal in this Court.  Plaintiff attached the Notice of Filing that he filed in the Circuit Court of Sangamon County informing that court of the removal.  Also attached to Northwestern Mutual's Notice of Removal was Springer's Consent to Notice of Removal.  Smith filed his Consent to Removal on July 12, 2011.

On July 12, 2011, Magistrate Judge Charles Evans entered a text order that stated the Notice of Removal "appears to be in compliance with removal requirements and procedures."  Judge Evans gave Plaintiff until July 26, 2011, to file objections.  On July 25, 2011, Plaintiff filed his Objection.  Plaintiff's objection asserts that Defendant Springer's counsel has provided Plaintiff's counsel with an affidavit indicating Springer wants to retract his consent to remove the case to federal

court.[1]

## ANALYSIS

Removal is generally valid only if all defendants give unanimous consent to removal.  Pettitt v. Boeing Co., 606 F.3d 340, 343 (7th Cir. 2010).  Parties may seek remand of a case for any reason other than lack of subject matter jurisdiction within 30 days of the filing of a notice of removal.  28 U.S.C. §1447(c).

Plaintiff's Objection argues that in the absence of Springer's consent to removal, Northwestern cannot meet the "rule of unanimity" whereby all defendants must join in a removal petition to effect removal.[2]  Moreover, removal to this Court became effective once Northwestern Mutual filed a notice of removal with this Court and notified the Sangamon County Circuit Court through its Notice of Filing.  See 28 U.S.C. §1446(d); see also Jeffrey v. Cross Country Bank, 131 F. Supp. 2d. 1067, 1069 (E.D. Wis. 2001).

---

[1] A copy of Springer's affidavit is attached to the Objection.

[2] The Objection cites Northern Illinois Gas Company v. Airco Industrial Gases, a Division of Airco, Inc., 676 F.2d 270 (7th Cir. 1982), for this proposition.

However, Plaintiff provides no authority that states that after all defendants have consented to removal of a case, and after removal is effectuated, one of those defendants may subsequently withdraw that consent, making the removal ineffective.

While statutory provisions exist that allow parties served after removal to move a court to remand (28 U.S.C. §1448), neither of those provisions nor any evident case law contemplates the ability of a once-consenting party to withdraw that consent.  <u>Cartee v. Precise Cable Const., Inc.</u>, No. 05-0515C, 2005 WL 2893951, at *1 n. 4 (S.D. Ala. 2005).  Indeed, the general rule is that the propriety of removal is determined at the time the notice of removal is filed.  <u>Jeffrey</u>, 131 F. Supp. 2d. at 1069 (citing <u>Gould v. Artisoft, Inc.</u>, 1 F.3d 544, 547 (7th Cir. 1993)).  District Courts in other Circuits have found it improper to allow remand due to a party's expressed desire to withdraw consent to removal.  See <u>McMahan Jets, LLC v. X-Air Flight Support, LLC</u>, No. 2:10CV175, 2011 WL 39810, at *5 (S.D. Miss. 2011).  Allowing such withdrawals of consent to removal would run counter to federal courts'

general policy discouraging forum and judge shopping. Id. (citing New England Wood Pellet, LLC v. New England Pellet, LLC, 419 B.R. 133, 142 (D.N.H. 2009)).

CONCLUSION

For the reasons stated, Plaintiff's Objection (d/e 5) is DENIED. This matter will proceed in this Court.

IT IS SO ORDERED.

ENTERED: July 29, 2011.

FOR THE COURT:

                                      s/ Sue E. Myerscough
                                      SUE E. MYERSCOUGH
                              UNITED STATE DISTRICT JUDGE